**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR MORRIS ESCOBAR-ALARCON, | No. 12-72820 |
| Petitioner, | Agency No. A070-097-323 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015**

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Edgar Morris Escobar-Alarcon, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen deportation proceedings based on ineffective assistance of

counsel.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Escobar-Alarcon's motion to reopen as untimely, where he filed the motion more than four years after his deportation order became final, *see* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must be filed within 90 days of a final order), and failed to establish the due diligence required to warrant equitable tolling of the motions deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as petitioner exercises due diligence in discovering such circumstances).

Because the timeliness determination is dispositive, we do not reach Escobar-Alarcon's remaining contentions.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**

12-72820